Michael HALPERIN, M.D., Donald Kern, D.D.S., and all other plaintiffs similarly situated, Plaintiffs–Appellants,

v.

EBANKER USA.COM, INC., Evision Usa.Com, Inc., American Frontier Financial Corporation, Fai Chan, Tong Wan Chan, Robert Trapp, Kwok Jen Fong, David Chen, Gary Cook, Jeffrey Busch, and Robert Jeffers, Jr., Defendants–Appellees.

Docket No. 01–7440.

United States Court of Appeals, Second Circuit.

July 9, 2002.

Lawrence A. Steckman (Debra J. Guzov, Darren L. Ofsink, on the brief), New York, NY, for Appellant.

Bruce H. Schneider (Charles G. Moerdler, Heidi Balk, on the brief), New York, NY, for Appellee.

Present OAKES, CARDAMONE and POOLER, Circuit Judges.

### SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, AD-

**JUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Plaintiffs-appellants appeal from the Opinion and Order of the United States District Court for the Southern District of New York (John S. Martin, Jr., *Judge*), entered March 26, 2001, granting in full defendants-appellees' motion to dismiss the complaint for failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6).

Plaintiffs consist of two individuals representing four subclasses, all of whom allege that they purchased securities from defendants based on fraudulent misrepresentations and material omissions of relevant information. The plaintiffs are categorized based upon the identity and form of the security they purchased and the date on which they purchased it. All plaintiffs purchased either eBanker securities, formerly Fronteer Development Finance, Inc. securities, or eVision securities, at some point between March 1998 and August 2000. All plaintiffs purchased the securities in response to one of three private offering memoranda: (1) the first offering of eBanker securities, dated May 26, 1998 (1998 Offering Memorandum); (2) the second offering of eBanker securities, dated March 3, 1999 (1999 Offering Memorandum), with a supplemental memorandum dated April 26, 1999; and (3) the first offering of eVision securities, dated September 27, 1999 (eVision Offering Memorandum). On appeal, plaintiffs challenge the dismissal of eight of their claims.

■ Plaintiffs argue that the district court improperly dismissed their claim that defendants eBankers failed to disclose that Fronteer Capital, Inc., a company they allege was controlled by defendant Chan, retained one million warrants of Global Med when eBanker assumed a loan agreement between the two groups. Plaintiffs are correct that the 1999 Offering Memorandum does not specifically mention this fact. However, the offering memorandum does contain a true description of the transaction between Fronteer Capital and eBanker: that eBanker received warrants for the purchase of five million Global Med shares in exchange for its loan commitment to Global Med, which eBanker purchased from Fronteer Capital. Although the memorandum makes no mention of the separate one million warrants Fronteer Capital retained, the plaintiffs have failed to allege how the pre-purchase agreement between Global Med and Fronteer Capital whereby Fronteer Capital retained one million warrants is relevant to eBanker's purchase of the loan agreement. The 1999 Offering Memorandum disclosed all the facts relevant to eBanker's purchase of the loan commitment between Global Med and Fronteer Capital as they related to eBanker. We find no error.

■ Plaintiffs argue that the district court erred in dismissing their claim that the eVision Offering Memorandum misrepresented the intended use of the earnings. The eVision Offering Memorandum contains a section entitled "Use of Proceeds," which states, "The Company intends to use the proceeds from this Offering for working capital and for general corporate purposes," and thereafter offers a non-exclusive list of possible uses, including increasing operating capability and increasing net capital. The section concludes with the paragraph, "The amounts actually expended for each use are at the discretion of the Board of Directors and may vary significantly depending upon a number of factors. Further, if the Board of Directors believes that the proposed uses of proceeds are not in the best interests of the Company, the Board of Directors will decide how the proceeds will be used."

eVision received approximately fifteen million dollars from the eVision offering

and invested approximately two million of those dollars into eBanker shares. Plaintiffs argue that "working capital and [ ] general corporate purposes" does not include eVision's investment in eBanker and that defendants' failure to include this use in the eVision Offering Memorandum was an intentional and material omission. The district court found that investment in another company was within the definition of "working capital and [ ] general corporate purposes" and, to the extent it was not, fell within the general discretion retained by the Board. We find no error with the court's conclusion. eVision clearly stated both the possible uses and the Board's ultimate discretion.

Next, plaintiffs argue that the district court improperly dismissed, without any consideration, their twelfth claim that the first and second eBanker offerings were, in reality, part of one single offering, and thus should be integrated. Before this Court plaintiffs argue that not only were these offerings a single offering, but that the offerings violated the prohibition against the sale of unregistered securities. Although plaintiffs now make this argument, nothing in their complaint states that this alleged integration resulted in a violation of the prohibition against the sale of unregistered securities or any misrepresentation in claiming that the securities were exempt from registration requirements. In fact, all the complaint pleads is that the two offerings should be integrated, and the investors of both offerings be given the same deal. The complaint does not plead any other cause of action related to the alleged integration. Because the complaint does not properly plead a claim for the sale of unregistered securities, in violation of 15 U.S.C. §§ 77e and 77l, we need not consider it on appeal. We find no error in the dismissal of this claim.

Finally, the district court dismissed plaintiffs claims for control person liability under section 20 of the Securities Exchange Act and fraud under New York common law. Because plaintiffs have failed to properly allege a federal claim, we decline to assert our jurisdiction, and we affirm the dismissal.

We address the merits of the remaining issue of whether plaintiffs stated a claim that defendants fraudulently misrepresented the future registration of certain securities with the Securities and Exchange Commission in an opinion filed separately this date.

We find the plaintiffs' remaining arguments without merit.